**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



SPY OPTIC, INC.,

       Plaintiff-Appellant,

v.

AREATREND, LLC; DOES, 1-10,
inclusive,

       Defendants-Appellees.

No. 20-55438

D.C. No. 3:19-cv-01770-WQH-BLM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted December 11, 2020
Pasadena, California

Before: BEA, THAPAR,[**] and COLLINS, Circuit Judges.

    Spy Optic is a Southern California brand best known for its sunglasses and

sports goggles. Its products are far from cheap (the sunglasses range from $65 to

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.
[**] Honorable Amul R. Thapar, United States Circuit Judge for the Sixth Circuit,
sitting by designation.

$200). But with premium prices comes a premium product: Spy Optic prides itself on using only the highest quality materials and promotes its logo as a universal symbol of "positivity and good vibes."

Because Spy Optic is a luxury brand, counterfeiters and unauthorized sellers present a serious problem. To cope with the problem, Spy Optic allows only a limited number of dealers to sell its products, and it routinely scours the internet for counterfeit products. But despite these efforts, the unauthorized use of Spy Optic's trademarks remains a challenge.

Enter AreaTrend. AreaTrend is an online store based in Ohio that sells discounted name-brand goods. AreaTrend isn't an authorized Spy Optic dealer. But that hasn't stopped it from selling Spy Optic–branded sunglasses for almost two years. When Spy Optic found out, it sent AreaTrend a cease-and-desist letter. AreaTrend ignored the letter, so Spy Optic sued.

Spy Optic filed its lawsuit in the Southern District of California. AreaTrend moved to dismiss for lack of personal jurisdiction. AreaTrend said it has almost no connection to California: It has no offices or employees in California; it does not advertise or market products in California; and less than 5% of its total sales across all product lines are to Californians. The district court agreed that it lacked jurisdiction and granted the motion to dismiss. On appeal, Spy Optic argues that the district court erred by holding that it had no specific jurisdiction over AreaTrend.

I.

Federal due process principles determine whether a court may assert specific jurisdiction over a non-consenting defendant. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution."). Due process requires that a non-resident defendant have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up). The plaintiff bears the burden of proving that there are minimum contacts. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). In the context of trademark claims, a plaintiff generally must show (1) that the defendant purposefully directed activities at the forum, and (2) that its claim "arises out of or relates to the defendant's forum-related activities." *Id.* (citation omitted); *see also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (purposeful direction test generally applies in trademark cases, which are "akin to a tort case").

The first requirement is often called the "purposeful direction" test. It has three prongs: "The defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods*, 874 F.3d at 1069 (cleaned

up). The test is all or nothing; if a plaintiff cannot establish even one of the three prongs, specific jurisdiction cannot attach. *See Picot v. Weston*, 780 F.3d 1206, 1214–15, 1215 n.4 (9th Cir. 2015).

AreaTrend concedes that it committed an intentional act by selling Spy Optic–branded products. So we start with the second prong: whether AreaTrend's acts were "expressly aimed" at California. Spy Optic must show that California was a "focal point both of [AreaTrend's actions] and of the harm suffered." *Axiom Foods*, 874 F.3d at 1071 (quoting *Walden v. Fiore*, 571 U.S. 277, 287 (2014)).

Spy Optic argues that it met its burden for two reasons. First, Spy Optic contends that AreaTrend targeted California when it sold Spy Optic–branded products online. But that is not the standard: Operating a universally accessible website alone cannot satisfy the express aiming prong. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011) ("Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed."). Instead, a plaintiff must also show that the website "directly target[ed] the forum." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020) (citation omitted). A defendant directly targets a forum when its website "appeals to, and profits from, an audience in [that] state." *Mavrix Photo*, 647 F.3d at 1231.

The evidence and allegations here show the opposite.  AreaTrend is not registered to do business in California; it does not advertise or market its products in California; and it does not maintain a mailing list, membership club, or other ongoing relationship with California customers.  Indeed, the only connection between AreaTrend's website and infringing activities in California is that 0.0018% of AreaTrend's sales are Spy Optic products to California.  That's not enough to show that AreaTrend had a "[California]-specific focus." *Wanat*, 970 F.3d at 1210.  So we cannot find that AreaTrend targeted California.  *See Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662, 663 (9th Cir. 2018) ("If [a defendant] can be haled into California merely on the basis of its universally accessible website then . . . every online advertiser worldwide can be haled into California.").[1]

Second, Spy Optic contends that AreaTrend knowingly caused harm in California.  Spy Optic claims that AreaTrend knew Spy Optic was based in California.  Thus, when it sold Spy Optic–branded products without authorization, AreaTrend knowingly harmed a California company.  But a defendant's knowledge that the plaintiff resides in the forum state, "will not, on its own, support the exercise

---

[1] For similar reasons, Spy Optic has failed to "point to any conduct by [AreaTrend] in California related to the [infringement] that would be readily susceptible to a purposeful availment analysis" under our cases.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004).

of specific jurisdiction." *Axiom Foods*, 874 F.3d at 1069–70; *see also Walden*, 571 U.S. at 289.

Because AreaTrend did not commit acts expressly aimed at California, the district court correctly found that it lacked specific jurisdiction. *See Picot*, 780 F.3d at 1213 n.2.

## II.

We have one additional issue to resolve. Spy Optic argues that the district court should have allowed jurisdictional discovery. We review a district court's rulings concerning discovery for an abuse of discretion. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084 (9th Cir. 2003) (regarding jurisdictional discovery).

We have no reason to think the evidence Spy Optic seeks would change the analysis. *See Getz v. Boeing Co.*, 654 F.3d 852, 867–68 (9th Cir. 2011). For example, Spy Optic concedes that "there is no evidence that AreaTrend specifically targets California customers in its advertising." Yet it seeks discovery of AreaTrend's "internal correspondence discussing targeting California customers." Without more, Spy Optic's request appears to be a fishing expedition in search of a jurisdictional hook. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) ("Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." (cleaned up)).

Because Spy Optic's request is not based on more than a "hunch that it might yield jurisdictionally relevant facts," discovery isn't required. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

## III.

We affirm the district court's order granting the motion to dismiss and deny AreaTrend's motions to strike portions of Spy Optic's briefs as moot.